UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARIANNE NICOSIA,

                        Plaintiff,        MEMORANDUM & ORDER
                                          11-CV-5069(JS)(GRB)
        -against-

UNITED STATES OF AMERICA,

                        Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Kenneth A. Auerbach, Esq.
                    Cartier, Bernstein, Auerbach & Dazzo, P.C.
                    100 Austin Street, Building 2
                    Patchogue, NY 11772

For Defendants
USA:                Kenneth M. Abell, Esq.
                    United States Attorney's Office
                    610 Federal Plaza, 5th Floor
                    Central Islip, NY 11722


SEYBERT, District Judge:

        Currently pending before the Court is defendant United

States of America's ("Defendant") motion to dismiss for failure

to substitute a proper plaintiff pursuant to Federal Rule of

Civil Procedure 25.   For the following reasons, Defendant's

motion is GRANTED.

                          BACKGROUND

I. Factual Background

        Plaintiff Marianne Nicosia ("Plaintiff"), commenced

this action on September 15, 2011 pursuant to the Federal Tort

Claims Act, 28 U.S.C. § 2401(b), following a slip and fall

accident on December 29, 2010 outside of Defendant's post office. Specifically, Plaintiff alleges that at approximately 9:00 a.m. she slipped and fell on snow and/or ice on the sidewalk leading to the front door of the post office. (Compl. ¶¶ 7, 8, 15.) As a result, she sustained serious, harmful and permanent injuries, and suffered from pain, shock, mental anguish and loss of normal pursuits and pleasures of life. (Compl. ¶ 18.)

II. Procedural Background

Plaintiff passed away on January 3, 2013. (Pl.'s Mot. to Adjourn, Docket Entry 22, at 1.) Counsel notified the Court of her passing on May 9, 2013. (Pl.'s Mot. to Adjourn at 1.) Almost five months later, on October 1, 2013, Defendant filed a motion to dismiss for failure to substitute a proper plaintiff pursuant to Federal Rule of Civil Procedure 25(a)(1). (Def.'s Mot. to Dismiss, Docket Entry 24, at 1.)

Although Plaintiff did not file a formal motion to extend, counsel did oppose Defendant's motion to dismiss and requested an extension of time nunc pro tunc to extend the ninety-day period and substitute a party. (Pl.'s Opp. Ltr., Docket Entry 25, at 1.) Counsel maintained that Plaintiff's Will did not have any Affidavits of Attesting Witnesses attached, which are required to probate and allow for substitution of the executrix in the present matter. (Pl.'s

Opp. Ltr. at 1.) Defendant filed a reply on October 1, 2013 and, thus, the motion was fully briefed. (Def.'s Reply Br., Docket Entry 26.)

Thereafter, both parties submitted sur-replies, without leave of Court. On December 23, 2013, Plaintiff's counsel informed the Court that he had received the Letters Testamentary. (Pl.'s Dec. Ltr., Docket Entry 30, at 1.) That same day, Defendant filed a sur-reply, essentially reiterating prior arguments. (Def.'s Sur-Reply, Docket Entry 31.) Finally, on December 31, 2013, Plaintiff's counsel filed a sur-reply of his own, asking that the Court hold any decision in abeyance because Plaintiff's daughter, who had been acting as the Administratix of the Estate, also passed away. (Pl.'s Sur-Reply, Docket Entry 32, at 1.)

DISCUSSION

The Court will first address the applicable legal standard before turning to Defendant's motion and the parties' arguments more specifically.

## I. Legal Standard

Rule 25(a)(1) provides that "[i]f [a] motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." FED. R. CIV. P. 25(a)(1); see Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470-71 (2d Cir.

1998) (affirming dismissal for failure to move for substitution within ninety days after the statement of death was filed).

"Courts routinely dismiss cases with prejudice where there is a failure to comply with the time period specified by Rule 25(a)." Mulvey v. Sonnenschein Nath & Rosenthal LLP, No. 08-CV-1120, 2011 WL 5191320, at *1 (E.D.N.Y. Oct. 31, 2011); see, e.g., Unicorn Tales, 138 F.3d at 469; Nauman v. Rensselaer Polytechnic Inst., No. 07-CV-0740, 2010 WL 1257876, at *1 (N.D.N.Y., Mar. 26, 2010); Smith v. Doe, No. 08-CV-10437, 2010 WL 1404099, at *5 (S.D.N.Y. Jan. 25, 2010); Rodgers v. City of N.Y., No. 05-CV-5521, 2006 WL 2943621, at *1 (E.D.N.Y. Sept. 6, 2006). "[D]ismissal of an action is warranted when no motion for substitution is made more than ninety days after a suggestion of death is filed." Keating v. Leviton Mfg. Co., Inc., No. 06-CV-6027, 2009 WL 234654, at *2 (E.D.N.Y. Jan. 30, 2009). Therefore, "the ninety-day limitation of Rule 25 is . . . strictly applied." Merisier v. Comm'r, Soc. Sec. Admin., No. 11-CV-1168, 2012 WL 3230449, at *2 (E.D.N.Y. Aug. 6, 2012).

However, Federal Rule 6(b) allows for an extension of the ninety-day period. See Kernisant v. City of N.Y., 225 F.R.D. 422, 427 (E.D.N.Y. 2005) ("The Court is authorized to extend the time in which to file a motion for substitution before or after the expiration of the ninety-day period pursuant to Fed.R.Civ.P. 6(b)."); see also FED. R. CIV. P. 25 advisory

4

committee's notes ("The motion may not be made later than 90 days after the service of the statement [of death upon the record] unless the period is extended pursuant to Rule 6(b), as amended."). Thus,

> [p]arties still may move pursuant to Rule 6(b) for an extension of time "after the time has expired if the party failed to act because of excusable neglect," Fed.R.Civ.P. 6(b)(1)(B), but failure to put forth a reason for not moving in a timely fashion will result in dismissal without further inquiry by the court.

Merisier, 2012 WL 3230449, at *2. However, if no motion is made for an extension under Rule 6(b), it is deemed waived and the action must be dismissed. See Kernisant 225 F.R.D. at 429 ("The Court, [in Unicorn Tales,] found that the motion made before the district court was one filed under Rule 25, and therefore since the party below did not make a motion under Fed.R.Civ.P. 6(b), it was deemed waived.").

II. Analysis

    A. Plaintiff's Request for an Abeyance

        Initially, the Court finds that a decision on the motion is appropriate at this time. Although Plaintiff's counsel did request that the Court hold a decision in abeyance, he do so in an improper sur-reply. See Jandres v. Armor Health Care Inc., No. 12-CV-3132, 2014 WL 1330655, at *4 (E.D.N.Y. Mar. 31, 2014) ("Sur-replies . . . generally require permission of

the Court."); <u>Corona Realty Holding, LLC v. Town of N. Hempstead</u>, No. 08-CV-4997, 2009 WL 2707243, at *1 n.1 (E.D.N.Y. Aug. 24, 2009) (declining to consider a sur-reply filed without court permission), <u>aff'd</u>, 382 F. App'x 70 (2d Cir. 2010).

Moreover, counsel filed the "request" approximately six months ago. Since then, the Court has not received any communication from either party and the underlying motion has been pending since October of last year. Cases simply cannot languish indefinitely. <u>See, e.g.,</u> <u>Robinson v. Januszewski</u>, No. 11-CV-0747, 2012 WL 1247225, at *3 (E.D.N.Y. Apr. 12, 2012).

B. <u>Defendant's Motion to Dismiss</u>

Defendant correctly asserts that courts strictly apply Rule 25. Nonetheless, courts also have discretion to extend the time period if appropriate. <u>See</u> <u>Nat'l Equip. Rental, Ltd. v. Whitecraft Unlimited, Inc.</u>, 75 F.R.D. 507, 510 (E.D.N.Y. 1977) (District court "in its discretion may nevertheless extend the 90 day period [for filing a motion for substitution] and grant an otherwise untimely motion to substitute a party defendant . . . . Absent bad faith on the part of the movant or undue prejudice to the other parties to suit, discretionary extensions should be liberally granted."). Here, though, such an extension is not warranted.

The 1963 Amendment to Rule 6(b) "permits the court to enlarge the time for moving where good cause is shown." <u>Id.</u>

Thus, Rule 6(b)(1) provides that "the court may, for good cause, extend the time: (A) . . . if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Notably, Plaintiff has not made any explicit mention of Rule 6 at all. See Kernisant, 225 F.R.D. at 429 (discussing waiver due to a failure to move pursuant to Rule 6).

Furthermore, Plaintiff has not shown "good cause warranting an extension of time to file a motion for substitution pursuant to Rules 6(b) and 25(a)(1) of the Federal Rules of Civil Procedure." Lungu v. New Island Hosp./St. Joseph Hosp., No. 11-CV-0755, 2012 WL 3115930, at *2 (E.D.N.Y. July 24, 2012) (denying the plaintiff's motion for an extension of time because he provided no explanation for his six month delay between the plaintiff's death and the date he filed a petition in the Surrogate's Court for letters of administration and never expressed any difficulty in appointing an administrator). Here, plaintiff's counsel has not explained why he waited five months to notify the Court of Plaintiff's passing and why he did not seek an extension of the ninety days until after Defendant moved for dismissal. (See Pl.'s Opp. Ltr. at 1.)

Moreover, this issue has been pending before the Court for approximately nine months and Plaintiff's counsel still has

yet to file for substitution.  Although the Court is sympathetic to the delays that may accompany probate and the death of the Administratrix of the Estate, the Court does not find good cause to extend the time period any further.  See Mulvey, 2011 WL 5191320, at *1 (dismissing the action because the statement of death was recorded over a year ago, there was no activity in the case for close to seven months, no substitution had been made, and the Court received no communication from any representative seeking to pursue the action).

Accordingly, Defendant's motion to dismiss is GRANTED.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.  The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July _ 1 _, 2014
         Central Islip, NY